IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE DAVIS MOOREHEAD,<br><br>    Plaintiff,<br><br>v.<br><br>THE HOME DEPOT,<br><br>    Defendant.                          / | No. C 04-03243 CRB<br><br>**ORDER DENYING CONTINUANCE** |

    This is an employment discrimination action. Defendants filed a motion for summary judgment, scheduled to be heard on December 2, 2005. Two days before plaintiff's opposition was due, plaintiff filed a substitution of attorney and sought a six-month continuance of defendants' motion. The Court vacated the December 2, 2005 hearing date and scheduled a case management conference for December 2, 2005. At the conference, plaintiff's counsel advised the Court that he wanted to take a few depositions. The Court accordingly ordered that plaintiff's opposition be filed by December 30, 2005 and that oral argument be heard on January 13, 2006.

    Plaintiff never noticed any depositions; instead, two days before her opposition was due, she again filed a request to continue the motion for summary judgment for six months. She bases her request on the same argument she made in support of her first request, namely, her medical condition.

After considering the papers filed by the parties, and having reviewed defendants' motion for summary judgment, plaintiff's request for a six-month continuance is DENIED.

First, although plaintiff and her counsel have had defendants' motion for summary judgment since October, they have done nothing to prepare plaintiff's opposition.

Second, plaintiff submitted a declaration dated December 22, 2005 in support of her request for a continuance of the summary judgment motion. She attests under oath that she cannot assist her attorney in preparing an opposition because she is not able to complete her declaration in opposition. Declaration of Denise Davis Moorehead ("Moorehead Dec. 22, 2005 Decl.") ¶ 3, dated December 22, 2005. Her statement, however, is contradicted by her preparation of a declaration in support of her request for a continuance.

Third, it is apparent from plaintiff's deposition testimony and her December 22, 2005 declaration that she does not have an objective good faith basis for her discrimination claims; therefore, a continuance would be futile. Plaintiff admits that she and defendants agree on the material facts and that their only dispute "lies in the result mandated by the law." Moorehead Dec. 22 Decl. at ¶ 13. The material facts to which plaintiff agrees are that she was terminated because she violated defendants' safety policies. Moreover, at her deposition she admitted that she has no objective basis for believing that her termination was motivated by her race, gender or age. In such circumstances, it would be unjust to further delay the resolution of plaintiff's lawsuit.

If plaintiff wishes to file an opposition which, among other things, sets forth "the result mandated by the law" under the undisputed facts, the Court will consider such submission provided it is filed on or before January 10, 2006.

**IT IS SO ORDERED.**

Dated: January 3, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE