IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENISE DAVIS MOOREHEAD,

    Plaintiff,

v.

THE HOME DEPOT, U.S.A., Inc.,

    Defendant.

No. C 04-03243 CRB

**MEMORANDUM AND ORDER**

This employment discrimination lawsuit arises out of defendant's termination of plaintiff's employment. Now pending before the Court is defendant's motion for summary judgment. After carefully considering the papers, the Court concludes that no reasonable trier of fact could find in plaintiff's favor and GRANTS defendant's motion.

**UNDISPUTED FACTS**

Plaintiff is an African-American woman over the age of 40. In August 2002, plaintiff began work in the Paint Department at the Home Depot located in Emeryville, California. Upon the commencement of plaintiff's employment, she took a "safety test" involving 30 questions, including several about the use of ladders. Plaintiff answered all 30 questions correctly. She also received additional safety training.

On June 29, 2003, plaintiff was assisting a customer who needed cans of paint on a high shelf. Plaintiff was aware that it was defendant's policy to use ladders to reach items on

higher shelves. As there was no ladder in the aisle with the paint, plaintiff spent five minutes or less looking for a ladder. She then stood on a five gallon paint can to reach the cans on the high shelf. According to her deposition testimony, as she was taking a can down, a male asked her if she wanted a ladder. She said no, handed him the can, and turned to get down. As she "turned to come down," she fell and landed on her left side, striking her head.

Home Depot subsequently terminated plaintiff's employment based on plaintiff's failure to adhere to its safety guidelines. Plaintiff admits that defendant "was within its rights to terminate [plaintiff] for a safety violation." Deposition of Denise Moorehead at 228:8-11.

## PROCEDURAL HISTORY

The following year plaintiff filed an administrative charge of discrimination against Home Depot with the Equal Employment Opportunity Commission. She alleged that defendant terminated her employment on account of her age, race and gender. After she received a right-to-sue letter, plaintiff filed this federal court action. Her complaint alleges age and gender discrimination, but not race.

Plaintiff originally filed the action in pro per. For some of the time during her prosecution of this action she was an attorney licensed to practice in California. She has not vigorously pursued this lawsuit. She failed to appear for her deposition, and defendant finally took plaintiff's deposition only after it successfully brought a motion to compel. She did not respond to many of defendant's discovery requests.

On the eve of the due date for her opposition to defendant's motion for summary judgment she retained an attorney and requested a continuance. The Court granted her request and continued the hearing. Despite the continuance plaintiff did not and has not conducted any discovery of her own; instead, on the eve of the due date for her opposition to the *continued* motion for summary judgment, she again requested a continuance. The Court denied the motion. Accordingly, on January 10 she submitted a written opposition, a declaration, and the deposition of Michelle Boykin. She also relies on a 68 pages-long declaration she filed on July 29, 2005. The Court has considered all of this evidence in ruling on defendant's motion for summary judgment.

**SUMMARY JUDGMENT STANDARD**

A principle purpose of the summary judgment procedure is to isolate and dispose of factually unsupported claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). A party moving for summary judgment that does not have the ultimate burden of persuasion at trial (here, the defendant) has the initial burden of producing evidence negating an essential element of the non-moving party's claims *or* showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party does not satisfy its initial burden, the non-moving party has no obligation to produce anything and summary judgment must be denied. If, on the other hand, the moving party has satisfied its initial burden of production, then the non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Nissan Fire & Marine Ins. Co., 210 F.3d at 1102. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**DISCUSSION**

To prevail on her Title VII employment discrimination claims plaintiff "must first establish a *prima facie* case of discrimination." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994). "If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." Id.

"To establish a prima facie case, a plaintiff must offer evidence that 'give[s] rise to an inference of unlawful discrimination.'" Cordova v. State Farm Ins. Cos., 124 F.3d 1145, 1148 (9th Cir. 1997). "One way to do this is through the McDonnell Douglas framework,"

3

1  id., under which a plaintiff would generally have to prove: "(1) he was a member of a
2  protected class, (2) he was qualified for the position he sought or was performing
3  competently in the position he held, (3) he suffered an adverse employment action, such as
4  termination, demotion, or denial of an available job, and (4) some other circumstance
5  suggests discriminatory motive." Guz v. Bechtel Nat. Inc., 24 Cal. 4th 312, 355 (2000).
6  "The *prima facie* case may be based either on a presumption arising from the factors such as
7  those set forth in McDonnell Douglas . . ., or by more direct evidence of discriminatory
8  intent." Wallis, 26 F.3d at 889. "The requisite degree of proof necessary to establish a *prima*
9  *facie* case for Title VII and ADEA [age] claims on summary judgment is minimal and does
10 not even need to rise to the level of a preponderance of the evidence." Id.

11      Defendant moves for summary judgment on the ground that plaintiff cannot even
12 satisfy the minimal degree of proof necessary to establish a *prima facie* claim of
13 discrimination. While plaintiff is indisputably a member of a protected class, as she is a
14 woman, African-American, and over the age of 40, and also suffered an adverse employment
15 action (her termination), defendant contends that there is no evidence that suggests a
16 discriminatory motive, even assuming she was otherwise qualified. The Court agrees.

17      Plaintiff has not produced any evidence that gives rise to the slightest inference of a
18 discriminatory motive. During her deposition plaintiff admitted that she had never heard any
19 race, gender or age-related comments that suggest her protected status had any bearing on
20 defendant's decision to terminate her employment. She admits that she is not aware of any
21 employee who was hurt while standing on a paint can and was not terminated for violating
22 Home Depot safety rules.

23      Moreover, Home Depot has produced evidence which emphasizes plaintiff's failure to
24 meet her *prima facie* burden. The Home Depot store where plaintiff worked was diverse: 50
25 percent of the employees were African-American; 31 percent were women; and 31 percent
26 were over the age of 40. The former Home Depot Human Resources Manager for the
27 Emeryville Home Depot store attests that she has personally been involved in five
28 terminations, in addition to plaintiff's, that involved the dismissal of an employee for his or

4

her failure to follow safety guidelines. All of these five dismissed employees were male, two were also White, and four were under the age of 40. There is simply no evidence that plaintiff's age, race or gender played any role in defendant's decision to terminate plaintiff because of her admitted violation of a safety rule.

Even if plaintiff had satisfied her *prima facie* burden, defendant has come forward with a legitimate, nondiscriminatory explanation for its decision; namely, plaintiff's admitted violation of company safety policy that led to a serious accident. Again, plaintiff has no evidence that suggests Home Depot's explanation is simply a pretext for discrimination.

It is worth noting that plaintiff does not disagree with the above material facts. In her declaration signed December 22, 2005, a declaration prepared with the assistance of counsel, she attests that she and defendant agree on the material facts and that their only dispute "lies in the result mandated by the law." Moorehead Dec. 22 Decl. at ¶ 13. Moreover, the Court has reviewed plaintiff's 68 pages-long declaration filed on July 29, 2005, as well as her declaration submitted in opposition to this motion for summary judgment. Nothing in her declarations gives rise to an inference of unlawful discrimination. She states, for example, that all the employees in the Paint Department, male and female alike, and of all different ethnicities, regularly stood on paint cans instead of ladders, and that none of these employees were ever disciplined. This evidence suggests that plaintiff was disciplined because she got hurt, not because she is female, over 40, or African-American.

Plaintiff's primary argument is that if Home Depot had had ladders in the Paint Department, she would not have stood on the paint can, would not have fallen, and therefore would not have been fired. All true, but irrelevant. Home Depot's alleged negligence may make her the termination of her employment unfair; it does not make it illegal under Title VII.

//
//
//
//

5

**CONCLUSION**

As the evidence is insufficient to support any inference that defendant terminated plaintiff's employment because of her age, race, or gender, defendant's motion for summary judgment on plaintiff's Title VII complaint is GRANTED.

**IT IS SO ORDERED**.

Dated: January 13, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE